**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| SUNITA KULSHRESTHA, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHADY GROVE REPRODUCTIVE SCIENCE )<br>CENTER, P.C, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:23-cv-00042-TSE-IDD |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION
TO DISMISS, OR, IN ALTERNATIVE, TO TRANSFER
VENUE TO THE DISTRICT OF MARYLAND**

Defendant Shady Grove Reproductive Science Center, P.C. ("SGRSC"), by counsel and in accordance with 28 U.S.C § 1404(a), moves to dismiss Count I of Plaintiff Sunita Kulshrestha's ("Dr. Kulshrestha") Complaint (Breach of Contract) for improper venue because the forum-selection clause in her employment agreement (attached to her Complaint) requires any dispute arising under her contract be resolved through binding arbitration in Baltimore County, Maryland; and requires that any application to compel arbitration must be brought in a Maryland Court. Alternatively, SGRSC moves to transfer that claim to the United States District Court for the District of Maryland so that Court may then address the arbitration issue.

SGRSC also moves to dismiss Count II (violation of the Virginia whistleblower statute, Va. Code § 40.1-27.3) and Count III (defamation per se) of the Complaint under Fed. R. Civ. P. 12(b)(6), because each of these claims is subject to a one-year statute of limitations, and Dr.

1

Kulshrestha's allegations make clear on their face that each cause of action arose more than one year before she filed suit.[1] SGRSC asks the Court to dismiss these claims with prejudice.

## I. RELEVANT FACTUAL BACKGROUND[2]

On January 15, 2014, Dr. Kulshrestha signed an Employment Agreement ("Agreement"). Compl. ¶ 14; Compl., Ex. A at 10. By signing the Agreement, Dr. Kulshrestha consented to the following provision:

> This Agreement shall be governed by the laws of the State of Maryland. Any and all claims, disputes, or controversies arising under, out of, or in connection with this Agreement or any breach therefore, except for equitable relief sought pursuant to Section 13, 14, and 15, shall be determined by binding arbitration in the State of Maryland, County of Baltimore (hereinafter "Arbitration"). The party seeking determination shall subject any such dispute, claim, or controversy to either (i) JAMS/Endispute or (ii) the American Arbitration Association, and the rules of commercial arbitration of the selected entity shall govern. The Arbitration shall be conducted and decided by three (3) arbitrators, unless the parties mutually agree, in writing at the time of Arbitration, to fewer arbitrators. In reaching a decision, the arbitrators shall have no authority to change or modify any provision of this Agreement. Each party shall bear its own expenses and one-half of the expenses and costs of the arbitrators. Any application to compel Arbitration, confirm or vacate an arbitral award or otherwise enforce this Paragraph shall be brought in the Courts of the State of Maryland.

*Id.* Dr. Kulshrestha concedes this is the only employment agreement she ever executed. Compl. ¶ 20.

On August 23, 2021, Dr. Kulshrestha attended a Zoom call with Amy Davis, SGRSC's Regional Executive Director, and other attendees. Compl. ¶ 31. During that call, Dr. Kulshrestha alleges she "requested that she be able to take up to two weeks working from home so that she could care for her mother." *Id.* Dr. Kulshrestha alleges she also "asked about potentially engaging

---

[1] Dr. Kulshrestha sued SGRSC on December 5, 2022 by filing her complaint in the Circuit Court of Fairfax County. SGRSC timely removed that case to this Court on January 11, 2023. *See* ECF No. 1.

[2] SGRSC assumes these facts are true only for the purpose of its Motion to Dismiss.

in FMLA leave." Compl. ¶ 33. Dr. Kulshrestha alleges that in response Ms. Davis expressed concern that Dr. Kulshrestha was taking on too many responsibilities in her work and personal life. *Id.* Dr. Kulshrestha alleges that in response to Ms. Davis's comment she "asked if she was being treated differently in violation of state and federal equal employment laws and statutes based on her gender and caregiver status." Compl. ¶ 34.

One week later, on August 30, 2021, SGRSC informed Dr. Kulshrestha that it was terminating her employment. Compl. ¶ 35. Subsequently on August 30, 2021, SGRSC gave Dr. Kulshrestha a Notice of Termination. Compl. ¶ 37; Compl., Ex. B. The Notice of Termination stated, "pursuant to your Employment Agreement dated January 15, 2014, notice is hereby provided that your employment with Shady Grove Reproductive Science Center, P.C. will terminate on February 27, 2022." Compl. ¶ 38; Compl., Ex. B.

After SGRSC informed Dr. Kulshrestha of her termination, Dr. Kulshrestha alleges that "starting in October of 2021" she learned that SGRSC was telling patients, employees, and colleagues that Dr. Kulshrestha retired from SGRSC. Compl. ¶ 39. Dr. Kulshrestha also alleges that starting in October 2021, SGRSC made false statements that "Effective October 8, 2021, Sunita Kulshrestha, M.D., has retired from Shady Grove Fertility. The Waldorf office is actively directing the facilitation of Dr. Kulshrestha's current and former patient care. For any questions or concerns, contact the Waldorf office at 301-705-9923." Compl. ¶¶ 41, 42, and 56.

## II. ARGUMENT

### a. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

3

*v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain sufficient factual matter, accepted as true, to state a claim plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" do not satisfy the pleading standard. *Id.* (citation and internal quotation marks omitted). The Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments" or "[c]onclusory allegations regarding the legal effect of the facts alleged." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Furthermore, the plaintiff must bring each claim before the statute of limitations expires. *See Ott v. Md. Dep't of Pub. Safety & Corr. Servs.*, 909 F.3d 655, 658 (4th Cir. 2018) ("A court may dismiss a complaint on statute of limitations grounds if the time bar is apparent on the face of the complaint.") (Cleaned up).

        **b.**    **This Court Should Dismiss Dr. Kulshrestha's Breach of Contract Claim for Improper Venue**

Dr. Kulshrestha's breach of contract claim is subject to arbitration. The Agreement states, "[a]ny and all claims, disputes, or controversies arising under, out of, or in connection with this Agreement or any breach therefore . . . shall be determined by binding arbitration in the State of Maryland, County of Baltimore." Compl., Ex. A at 10. Dr. Kulshrestha attaches the Agreement, including its arbitration provision, to her Complaint. Compl. ¶ 14; Compl., Ex. A at 10. Nowhere in her Complaint does she dispute the enforceability of the agreement or arbitration provision. *See generally* Compl. The arbitration provision specifies the arbitration must take place in Baltimore County, Maryland; courts must apply forum selection clauses in valid arbitration agreements. *See Elox Corp. v. Colt Industries, Inc.*, No. 90-2456, 1991 U.S. App. LEXIS 29323, at *4 (4th Cir. Dec. 16, 1991) ("[A] district court deciding a motion to compel arbitration shall defer to the terms of the parties' agreement. The district court must, therefore, apply a forum selection clause

4

contained in the agreement if such a clause exists."). So if Dr. Kulshrestha wants to bring a claim that SGRSC breached her employment agreement, she may only do so by filing an arbitration demand in Baltimore County, Maryland – not by suing in a Virginia court.

This Court, however, cannot simply grant a motion to compel arbitration. The Agreement states, "[a]ny application to compel Arbitration, confirm or vacate an arbitral award or otherwise enforce this Paragraph shall be brought in the Courts of the State of Maryland." Compl., Ex. A at 10. Furthermore, a district court cannot compel arbitration in another jurisdiction. *See Am. Int'l Specialty Lines Ins. Co. v. A.T. Massey Coal Co.*, 628 F. Supp. 2d 674, 682 (E.D. Va. 2009) (subscribing to the majority position that "a district court lacks authority to compel arbitration in other districts, or its own district, if another district has been specified for arbitration."). Accordingly, this Court cannot compel arbitration in Maryland. Because this Court cannot compel arbitration, it should dismiss this claim so that Dr. Kulshrestha may, if she so desires, file an arbitration demand in Maryland as her employment agreement requires.

### c. Alternatively, This Court Should Transfer Dr. Kulshrestha's Breach of Contract Claim Because It Is Subject to Arbitration in Maryland

In the alternative, this Court should transfer this claim to the United States District Court for the District of Maryland. In her employment agreement, Dr. Kulshrestha explicitly agreed to arbitrate any breach of contract claim in Maryland. *See* Compl., Ex. A at 10. "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atlantic Marine Construction Company, Inc. v. U.S. Dist. Court for the Western District of Texas*, 134 S. Ct. 568, 581 (2013). Thus, if this Court chooses not to dismiss this claim, this Court should transfer the claim to the appropriate forum.

### d. Dr. Kulshrestha's Virginia Code § 40.1-27.3 Claim is Time Barred

Dr. Kulshrestha's whistleblower claim under Virginia Code § 40.1-27.3 is barred by the statute of limitations. Enacted by the General Assembly in 2020, Virginia Code § 40.1-27.3, titled "Retaliatory action against employee prohibited," dictates that "[a]n employer shall not *discharge*, *discipline*, *threaten*, *discriminate against*, or *penalize* an employee, *or take other retaliatory action*" against an employee because he or she engages in one of five categories of protected conduct. Va. Code § 40.1-27.3(A) (emphasis added).[3]

Employees must bring claims under Virginia Code § 40.1-27.3 within one year after the alleged retaliatory conduct. *See* Va. Code § 40.1-27.3(C) ("A person who alleges a violation of this section may bring a civil action . . . within one year of the employee's prohibited retaliatory action."). The Supreme Court of the United States has held that a claim for retaliation accrues when the plaintiff suffers an adverse action—not the date she might experience the full consequence of that decision. *See Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) ("[T]he proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts become most painful.") (emphasis in original, internal citations omitted). The Supreme Court of Virginia has similarly recognized that the statute of limitations "begins to run when any injury, though slight, is sustained as the consequence of an alleged wrong, despite

---

[3] The five categories of protected activity under Va. Code § 40.1-27.3(A) are: (1) the employee or a person acting on the employee's behalf in good faith reports a violation of any federal or state law or regulation to a supervisor or to any governmental body or law enforcement official; (2) a governmental body or law enforcement official asks the employee to participate in an investigation, hearing, or inquiry; (3) the employee refuses to engage in a criminal act that would subject the employee to criminal liability; (4) the employee refuses her employer's order to perform an action that would violate any federal or state law or regulation and the employee informs her employer that she is refusing the order for that reason; and (5) the employee provides information or testifies before any governmental body or law-enforcement official conducting an investigation, hearing, or inquiry into any alleged violation by her employer of federal or state law or regulation.

6

the fact that greater damage from the same wrong may be sustained at a later date." *Kiser v. A.W. Chesterton Co.*, 285 Va. 12, 22 (2013).

Dr. Kulshrestha alleges she engaged in protected activity on August 23, 2021 when she purportedly asked the question whether "she was being treated differently in violation of state and federal equal employment opportunity laws and statutes based on her gender and caregiver status," (Compl. ¶¶ 31, 34) and purportedly "reported that Defendant's treatment of her violated state, local, and federal equal employment opportunity laws." Compl. ¶ 52.[4]  Dr. Kulshrestha then alleges SGRSC retaliated against her by terminating her one week later, on August 30, 2021. Compl. ¶¶ 35, 37.  Dr. Kulshrestha makes clear that the August 30, 2021 termination notice was the adverse action causally connected to her engagement in a purportedly protected activity. Compl. ¶ 53.  As a result, Dr. Kulshrestha should have brought this claim no later than August 30, 2022.  Dr. Kulshrestha did not sue until December 5, 2022.  Thus, presuming the Virginia Whistleblower statute applies to Dr. Kulshrestha's situation, her claim under that statute is thus time-barred.

Accordingly, this Court should dismiss Dr. Kulshrestha's Va. Code § 40.1-27.3(C) claim with prejudice.

e.   **Dr. Kulshrestha's Defamation Per Se Claim is Time Barred**

Dr. Kulshrestha's defamation per se claim is also barred by the statute of limitations. Because SGRSC is a Maryland corporation (Compl. ¶ 5) and the alleged defamatory statements

---

[4] Dr. Kulshrestha also asserts in Compl. ¶ 52 that she engaged in protected activity under Va. Code § 40.1-27.3 "when she sought to take leave under FMLA, reasonable accommodations…." Seeking to take leave or seeking an accommodation are not identified as protected activities enumerated in Va. Code § 40.1-27.3(A), and thus cannot form a necessary predicate for stating such a claim.  It is questionable whether simply asking a question could be thought to report an actual violation of law, which is what is required under the statute.  But for purposes of its Motion only, SGRSC will assume the truth of the conclusory statement in Compl. ¶ 52.

7

referred to Dr. Kulshrestha's work in Waldorf, Maryland (Compl. ¶ 41), this Court must first determine what law applies.

"When adjudicating state law claims, federal courts must apply state law. The Court must apply the substantive law of the state in which it sits, including its choice of law rules." *Vinayagam v. Malpani*, No. 3:22cv6 (DJN), 2022 U.S. Dist. LEXIS 167261, at *14-15 (E.D. Va. July 29, 2022) (cleaned up). Under Virginia choice of law rules, Virginia courts apply the lex loci delicti rule to defamation cases. *See PBM Prods., LLC v. Mead Johnson Nutrition Co.*, 678 F. Supp. 2d 390, 398 (E.D. Va. 2009) ("Virginia applies the lex loci delicti rule, that is, the law of the place of the wrong, to defamation actions."). As a result, Virginia courts apply the substantive law of the state where the accused allegedly issued or published the defamatory statements. *See id.*; *see also Wiest v. E-Fense, Inc.*, 356 F. Supp. 2d 604, 608 (E.D. Va. 2005) ("Because Plaintiff alleges that 'the website in question is controlled from Defendant E-Fense, Inc.'s corporate headquarters located in Virginia,' and the alleged defamatory statements were published on this website, Virginia law applies."). Dr. Kulshrestha alleges that SGRSC is a Maryland corporation with an office in Waldorf, MD; the publication of the allegedly defamatory statement notes that the Waldorf, MD office was directing the facilitation of Dr. Kulshrestha current and former patients; and directed that any comments or concerns should be directed to the Waldorf, Md. Office. The only inference that can be drawn based on these allegations is that the complained-of statement originated in Maryland. Maryland law should thus apply.

Maryland has a one-year statute of limitations governing defamation claims. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-105. Maryland courts use the single publication rule to determine when the statute of limitations begins to run. "Under what is known as the single publication rule, 'only one action for damages can be maintained as to any single publication' of the defamatory

8

article at issue." *Thanh v. Ngo,* No. PJM 14-448, 2016 U.S. Dist. LEXIS 96260, at *12 (D. Md. July 22, 2016). Thus, the date the alleged defamatory statement was first published is the date the statute of limitations begins to run. *See Lokhova v. Halper*, 995 F.3d 134, 151 (4th Cir. 2021) ("Pursuant to the single publication rule, subsequent distribution of a defamatory statement may continue to increase plaintiff's compensable damages, but the subsequent distribution does not create independent actions or start the statute of limitations running anew.").[5]

Dr. Kulshrestha alleges that SGRSC published the allegedly defamatory statements "starting in October of 2021 and continuing until November 26, 2022." Compl. ¶¶ 39, 41, 56. There are no allegations that the publication that continued until November 26, 2022 was any different from the one published in October 2021. Indeed, Compl. ¶ 42 asserts that the allegedly defamatory statement is currently available on SGRSC's website, and the statement at that internet address is the same as what Dr. Kulshrestha alleges began in October 2021. October 2021 is therefore the publication date for statute of limitations purposes. Thus, Dr. Kulshrestha should have brought this claim no later than October 2022. Dr. Kulshrestha did not sue until December 5, 2022. Thus, Dr. Kulshrestha's defamation per se claim is time barred.

Accordingly, this Court should dismiss Dr. Kulshrestha's defamation per se claim with prejudice.

---

[5] Even if Virginia law applied, the result would be the same. The statute of limitations for defamation cases in Virginia is also one year. *See* Va. Code. Ann. § 8.01-247. Virginia also follows the single publication rule. *See Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 918 (E.D Va. 2004) ("Virginia follows the 'single publication rule,' which permits only one cause of action to be maintained for any single publication, even if heard or read by two or more third persons . . . Although subsequent distribution of a defamatory statement may continue to increase plaintiff's compensable damages, it does not create independent actions or start the statute of limitations running anew.").

9

### III.  CONCLUSION

For these reasons, SGRSC respectfully requests that this Court grant its Motion and enter an order dismissing Count I, Count II, and Count III of the Complaint.  Alternatively as to Count I, SGRSC asks this Court to enter an order transferring that claim to the U.S. District Court for the District of Maryland.

Date: January 18, 2023                             Respectfully submitted,

                                              **JACKSON LEWIS P.C.**

By:    /s/
       Nigel L. Wilkinson (VA Bar No. 46500)
       10701 Parkridge Blvd., Ste 300
       Reston, Virginia 20191
       (703) 483-8300 (Phone)
       (703) 483-8301 (Facsimile)
       Nigel.Wilkinson@jacksonlewis.com

*Counsel for Defendant Shady Grove Reproductive Science Center, P.C.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on January 18, 2023, a true and accurate copy of *Defendant's Memorandum of Support of Its Partial Motion to Dismiss* was filed with the Clerk's Office and served by electronic and U.S. mail, postage prepaid, upon the following:

> Broderick C. Dunn, Esq.
> Philip C. Krone, Esq.
> Maria E. Stickrath, Est.
> Cook Craig & Francuzenko, PLLC
> 3050 Chain Bridge Road, Suite 200
> Fairfax, VA 22030
> bdunn@cookcraig.com
> pkrone@cookcraig.com
> mstickrath@cookcraig.com
>
> *Counsel for Plaintiff Sunita Kulshrestha*

By: /s/
Nigel L. Wilkinson (VA Bar No. 46500)
**JACKSON LEWIS P.C.**
10701 Parkridge Blvd., Ste 300
Reston, Virginia 20191
(703) 483-8300 (Phone)
(703) 483-8301 (Facsimile)
Nigel.Wilkinson@jacksonlewis.com

*Counsel for Defendant Shady Grove Reproductive Science Center, P.C.*

4892-0781-3962, v. 1