**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| SUNITA KULSHRESTHA, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-00042-TSE-IDD |
| | ) | |
| SHADY GROVE REPRODUCTIVE SCIENCE | ) | |
| CENTER, P.C., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS PARTIAL
MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO
TRANSFER VENUE TO THE DISTRICT OF MARYLAND**

Defendant Shady Grove Reproductive Science Center, P.C. ("SGRSC") submits this

Reply in support of its Partial Motion to Dismiss, or, in the Alternative, to Transfer Venue to the

District of Maryland ("Motion").

**<u>INTRODUCTION</u>**

SGRSC filed its memorandum in support of its Motion (the "Memo") arguing this Court

should dismiss Count I of Plaintiff Sunita Kulshrestha's ("Dr. Kulshrestha") Complaint (breach

of contract) for improper venue because the forum-selection clause in her employment

agreement (the "Agreement") requires that any dispute arising under her contract be resolved

through binding arbitration in Baltimore County, Maryland. Alternatively, SGRSC moves to

transfer that claim to the United States District Court for the District of Maryland so that Court

could then address the arbitration issue. SGRSC also argued this Court should dismiss Count II

(violation of the Virginia whistleblower statute, Va. Code § 40.1-27.3) and Count III (defamation

1

per se) of the Complaint under Fed. R. Civ. P. 12(b)(6), because each of these claims is subject to a one-year statute of limitations.

In opposition, Dr. Kulshrestha does not actually refute SGRSC's arguments. She concedes her breach of contract claim is subject to arbitration and asks this Court to transfer this claim to the appropriate forum. But from a practical perspective, it is more efficient for both the court system and the parties if the Court dismisses that claim and permits Dr. Kulshrestha to file an arbitration demand without having first to engage in more federal motions practice just to get to the same point. In an attempt to prevail on her Virginia Whistleblower claim, Dr. Kulshrestha concedes that the August 30, 2021 termination notice attached to her complaint constituted a discrete retaliatory act (and is thus time barred), but then argues that the ultimate effect of that notice, the February 27, 2022 termination date identified in that notice, constitutes a separate and distinct retaliatory act that occurred within the one-year limitations period by claiming that the notice was merely a "threat" of termination. This is contrary to the law and in any event, Dr. Kulshrestha did not allege in her complaint that there was anything but one retaliatory act that occurred on August 30, 2021 – more than one year prior to her filing suit. Finally, Dr. Kulshrestha argues that her defamation claim is not time-barred because Virginia law, rather than Maryland law applies, and Virginia does not follow the single publication rule. But even if Virginia law applies, the Fourth Circuit has held that Virginia follows the single publication rule, which dooms her defamation claim in any event.

## ARGUMENT

### I.    This Court Should Dismiss Dr. Kulshrestha's Breach of Contract Claim to Avoid Transferring This Claim to Another Improper Venue

In its Memo, SGRSC argued this Court should dismiss Dr. Kulshrestha's breach of contract claim because of the arbitration clause in Dr. Kulshrestha's Agreement, which requires

her to bring any such claim in arbitration in Maryland. It was only in the alternative did SGRSC

argue that the Court could transfer this claim to the United States District Court for the District

of Maryland, which then would have to order Dr. Kulshrestha to bring her claim in arbitration as

required by her arbitration agreement. In opposition, Dr. Kulshrestha acknowledges that her

arbitration agreement controls and that this Court is an improper forum for her breach of contract

claim. Opp. at 4. She then asks the Court to exercise its discretion and transfer that claim to

Maryland because such a transfer would be in the interest of justice and for the convenience of

the litigants and witnesses. *Id.*

However, transferring the breach of contract claim to yet another improper forum is not

in anyone's interest. Should the Court transfer the case to the District of Maryland, that court

would have to expend its resources to open a new case, assign a judge, and begin the initial

administrative process associated with having a case transferred in from another district. The

parties then would have to engage in some type of motions practice asking the District of

Maryland to compel arbitration in accordance with the arbitration clause. Presuming the court

would grant such a motion to compel arbitration, Dr. Kulshrestha would then have to file an

arbitration demand in accordance with her arbitration agreement, and parties then would proceed

in arbitration.

If the Court chooses to dismiss the breach of contract claim for improper venue, Dr.

Kulshrestha will only need to file the arbitration demand in the appropriate forum. There are no

limitations issues at play, there is no greater burden on the parties or any witnesses, and the

judicial resources of the District of Maryland are reserved. Indeed, by dismissing this claim

rather than transferring it, the parties also conserve resources because they will not have to

engage in motions practice in Maryland. Accordingly, while the Court certainly has the

discretion to transfer Dr. Kulshrestha's breach of contract claim to the District of Maryland, it is in the parties' interest and the interest of justice to dismiss the claim instead.

## II.     Dr. Kulshrestha's Virginia Code § 40.1-27.3 Claim is Time Barred

In its memo, SGRSC argued Dr. Kulshrestha's whistleblower claim under Virginia Code § 40.1-27.3 is barred by the statute of limitations. The gravamen of Dr. Kulshrestha's claim is straightforward - Dr. Kulshrestha alleges she engaged in protected activity on August 23, 2021 during a Zoom call by asking about "potentially engaging in FMLA leave" and then asking, "if she was being treated differently in violation of state and federal equal employment laws and statutes based on her gender and caregiver status." Compl. ¶¶ 33, 34 and 52. SGRSC then retaliated against her one week later on August 30, 2021 by providing her formal notice that her employment will terminate on February 27, 2022. Compl. ¶¶ 35, 37, and 53; and Ex. B. Because Dr. Kulshrestha did not bring this claim until December 5, 2022, SGRSC argued this claim is time-barred. In opposition, Dr. Kulshrestha concedes her claim under Virginia Code § 40.1-27.3 is subject to one-year statute of limitations. Opp. at 5.

Dr. Kulshrestha then attempts to misconstrue SGRSC's caselaw. Opp. 5-6. First, SGRSC cites *Kiser v. A.W. Chesterton Company*, 285 Va. 12, 22 (2013), for the general proposition that a statute of limitations begins to run when any injury, though slight, is sustained as the consequence of an alleged wrong, despite the fact that greater damage from the same wrong may be sustained at a later date. Indeed, the *Kiser* court cited to several other Virginia Supreme Court decisions and a U.S. Supreme Court decision to support this general proposition. *Id.* at 21-22. The *Kiser* Court then went on to discuss how the General Assembly carved out an exception to this general rule in enacting Va. Code § 8.01-249 to deal with asbestos exposure causes of action – a discussion and holding that has no bearing on this case or SGRSC's reliance on *Kiser*. *Id.* at

22. The fact that Virginia Code § 40.1-27.3 is not subject to Va. Code § 8.01-249's statute of limitations, as Dr. Kulshrestha argues, is irrelevant to this analysis. Second, Dr. Kulshrestha then argues, without citing anything beyond her own statutory interpretation of the law, that Virginia Code § 40.1-27.3's statute of limitations restarts after each retaliatory action an employer takes. Opp. at 6. Then, for the first time, Dr. Kulshrestha claims SGRSC took two retaliatory actions against her – the "threat" of her termination and her "actual" termination on February 27, 2022. *Id.*

Each of these arguments fails. First, the statute of limitations under Virginia Code § 40.1-27.3 does not restart because Dr. Kulshrestha's last day for which she was paid at SGRSC was February 27, 2022. In *Delaware State College v. Ricks*, the U.S. Supreme Court held that the statute of limitations under Title VII and 42 U.S.C. § 1981 began to run when Delaware State College formally voted to deny the plaintiff's tenure, not when his teaching position expired. 449 U.S. 250, 258 (1980) ("[T]he only alleged discrimination occurred -- and the filing limitations periods therefore commenced -- at the time the tenure decision was made and communicated to Ricks. That is so even though one of the effects of the denial of tenure -- the eventual loss of a teaching position -- did not occur until later."). *See also Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) ("[R]espondents were notified, when they received their letters, that a final decision had been made to terminate their appointments. The fact that they were afforded reasonable notice cannot extend the period within which suit must be filed."). In *Smith v. University of Maryland*, the District of Maryland explained:

> Calculating the date Ms. Smith's claims accrued in this case, under the rule announced in *Ricks* and *Chardon*, is straightforward. Ms. Smith received a letter from the defendants on November 8, 2013, stating that her employment with the University would be terminated. The termination took effect on December 9, 2013. She does not allege that any discrete discriminatory act occurred after the date she received notice of her termination. The relevant discriminatory act was

the University's decision to terminate Ms. Smith; her eventual departure was merely a consequence of that discriminatory act. Ms. Smith's claims accrued, therefore, under *Ricks* and *Chardon*, on November 8, 2013.

No. CCB-17-3664, 2018 U.S. Dist. LEXIS 167393, *6-7 (D. Md. Sept. 27, 2018) (internal citations omitted).

Dr. Kulshrestha provides no argument beyond her own statutory interpretation of the law to explain why this Court should treat claims under Virginia Code § 40.1-27.3 any different than those under Title VII and 42 U.S.C. § 1981. This Court should follow Supreme Court precedent and treat Dr. Kulshrestha's retaliation claim under Virginia Code § 40.1-27.3 the same as every other discrimination or retaliation claim; that is, "[a] discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). Dr. Kulshrestha concedes her receiving notice of her termination on August 30, 2021 "is certainly a retaliatory action taken by Defendant in violation of the Virginia Whistleblower Protection Law…." Opp. At 6. The application of this precedent is then simple and straight-forward. Because the statute of limitations on this claim is one year, and Dr. Kulshrestha filed the Complaint on December 5, 2022, her claim based on the August 30, 2021 termination notice is time-barred.

Second, after Dr. Kulshrestha concedes that the August 30, 2021 termination notice constitutes a discrete retaliatory act (and thus time barred), she then claims that notice was merely a "threat" of termination, and her actual termination date stated in that notice, February 27, 2022, constitutes a separate and distinct retaliatory act that occurred within the one-year limitations period, thereby saving her Whistleblower claim. Opp. at 7. This position is contrary to the precedent cited above that a retaliation claim is a discrete act that accrues when the retaliatory act happens and not when the full effect of that act is felt, and Dr. Kulshrestha

6

provides no legal basis as to why the Court should stray from such precedent. Further, that the August 30, 2021 termination notice constituted a separately actionable "threat" is not found anywhere in the Complaint. *See generally* Compl. It is well-settled that a plaintiff may not amend her complaint through her opposition to a motion to dismiss. *See Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) (finding that "a complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Accordingly, this Court should dismiss Dr. Kulshrestha's Va. Code § 40.1-27.3 claim with prejudice.

### III.    Dr. Kulshrestha's Defamation Per Se Claim is Time Barred

In its Memo, SGRSC argued Dr. Kulshrestha's defamation claim is time barred under Maryland law. In opposition, Dr. Kulshrestha spends a significant portion of her briefing arguing why Virginia law, not Maryland law, should apply. To begin with, this debate is ultimately irrelevant because both Maryland and Virginia have a one-year statute of limitations for defamation claims. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-105; Va. Code. Ann. § 8.01-247. Nevertheless, Maryland law should apply. Dr. Kulshrestha concedes Virginia applies the *lex loci delicti* rule but then argues "we simply do not know where the statement is published." Opp. at 7-8. This is untrue. Dr. Kulshrestha alleges in the Complaint that SGRSC is a Maryland corporation with an office in Waldorf, MD. Compl. ¶ 5. The allegedly defamatory statement notes that the Waldorf, MD office directed current and former patients to submit any comments or concerns pertaining to Dr. Kulshrestha's departure to the Waldorf, MD office. Compl. ¶ 41. The only inference that can be drawn based on these allegations is that the allegedly defamatory statement originated in Maryland. Thus, Maryland law should apply.

But even if Virginia law applies, Dr. Kulshrestha's claim is still time-barred because Virginia also follows the single publication rule. Dr. Kulshrestha deceptively states "the Virginia Supreme Court has not established whether or not Virginia law would follow [the single publication] rule," citing to *Lokhova v. Halper*, 995 F.3d 134, 142 (4th Cir. 2021). While Dr. Kulshrestha is correct that the Virginia Supreme Court has not explicitly ruled on this issue, the very Fourth Circuit case she cites in the Opposition unequivocally states: "In the absence of a Virginia Supreme Court ruling, we have determined that Virginia would follow the 'great majority of states [that] now follow the single publication rule.'" *Id.* Therefore, regardless of whether this Court chooses to apply Virginia or Maryland law, the single publication rule applies. Dr. Kulshrestha alleges in the Complaint that SGRSC published the allegedly defamatory statements "starting in October of 2021 and continuing until November 26, 2022." Compl. ¶¶ 39, 41, 56. October 2021 is therefore the publication date for statute of limitations purposes, and because Dr. Kulshrestha brought her claim on December 5, 2022, her claim is untimely.

Dr. Kulshrestha finally argues that, if SGRSC changed the statement, it could be considered republished under the single publication rule. Opp. at 9. While this proposition is true, it is inapplicable here. Dr. Kulshrestha never alleges anywhere in the Complaint that SGRSC altered the statement on its website between October 2021 and November 2022. *See generally* Compl. In fact, Dr. Kulshrestha alleges the purported defamatory statement is currently available on SGRSC's website, and the statement at that internet address is the same as what Dr. Kulshrestha alleges began in October 2021. Compl. ¶ 56.

Therefore, because Dr. Kulshrestha's purported defamation claim arose in October 2021 and she did not file her lawsuit until December 2022, that claim is barred by the applicable

statute of limitations and this Court should dismiss Dr. Kulshrestha's defamation claim with prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, and those set forth in the original Memo, SGRSC asks this Court to dismiss Count I, Count II, and Count III of the Complaint. Alternatively, as to Count I, SGRSC asks this Court to enter an order transferring that claim to the United States District Court for the District of Maryland.

Date: February 8, 2023                    Respectfully submitted,

**JACKSON LEWIS P.C.**

By:    _____/s/_____
Nigel L. Wilkinson (VA Bar No. 46500)
10701 Parkridge Blvd., Ste 300
Reston, Virginia 20191
(703) 483-8300 (Phone)
(703) 483-8301 (Facsimile)
Nigel.Wilkinson@jacksonlewis.com

***Counsel for Defendant Shady Grove Reproductive Science Center, P.C.***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on February 8, 2023, I electronically filed the foregoing *Reply* with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Broderick C. Dunn, Esq.
> Philip C. Krone, Esq.
> Maria E. Stickrath, Esq.
> Cook Craig & Francuzenko, PLLC
> 3050 Chain Bridge Road, Suite 200
> Fairfax, VA 22030
> bdunn@cookcraig.com
> pkrone@cookcraig.com
> mstickrath@cookcraig.com
>
> ***Counsel for Plaintiff Sunita Kulshrestha***

By: _____/s/_____

Nigel L. Wilkinson (VA Bar No. 46500)
**JACKSON LEWIS P.C.**
10701 Parkridge Blvd., Ste 300
Reston, Virginia 20191
(703) 483-8300 (Phone)
(703) 483-8301 (Facsimile)
Nigel.Wilkinson@jacksonlewis.com

***Counsel for Defendant Shady Grove Reproductive
  Science Center, P.C.***

4859-9269-5119, v. 3