**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **SUNITA KULSHRESTHA, M.D.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SHADY GROVE REPRODUCTIVE** | ) | **Case No. 1:23-cv-42** |
| **SCIENCE CENTER, P.C.,** | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**ORDER**

At issue in this employment dispute is Defendant Shady Grove Reproductive Science Center's Partial Motion to Dismiss, or, in the Alternative, to Transfer Venue (Dkt. 3). Plaintiff Dr. Sunita Kulshrestha, a former employee of Defendant, alleges four counts in her complaint: (1) breach of contract; (2) violation of the Virginia Whistleblower Protection Law, Va. Code § 40.1-27.3 (the "VWPL"); (3) defamation per se; and (4) retaliation in violation of the Family Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* (the "FMLA"). In Defendant's Partial Motion to Dismiss or Transfer Venue, Defendant argues that Plaintiff's breach of contract claim (Count I) must be dismissed for improper venue or transferred to the District of Maryland. Defendant also argues that Plaintiff's VWPL and defamation claims (Counts II and III) must be dismissed as barred by the statute of limitations. Defendant has not moved to dismiss Plaintiff's FMLA claim (Count IV). Defendant's motion has been fully briefed and argued at a hearing on Friday, March 3, 2023. Accordingly, this matter is now ripe for disposition.

For the reasons stated from the bench on March 3, 2023, Defendant's Partial Motion to Dismiss will be granted in part and deferred in part. Defendant's Motion to Dismiss will be

granted with respect to Plaintiff's breach of contract claim (Count I) because both parties have agreed that dismissal of the claim is proper to allow the parties to initiate arbitration in Maryland pursuant to a forum-selection clause in the parties' contract. Although the Supreme Court has instructed that "a district court should ordinarily transfer the case to the forum specified in [the parties' forum selection clause]" pursuant to 28 U.S.C. § 1404(a),[1] here, both parties stipulated during the hearing that Count I should be dismissed. Thus, it is proper to dismiss Plaintiff's breach of contract claim without prejudice.

Additionally, for the reasons stated from the bench at the hearing on March 3, 2023, Defendant's Motion to Dismiss is deferred with respect to Count II. Plaintiff will be permitted to file a supplemental brief by Friday, March 10, 2023, in order to provide any additional authority Plaintiff identifies to support Plaintiff's argument that Count II is not barred by the VWPL's one-year statute of limitations.

Finally, Defendant's motion to dismiss Plaintiff's defamation per se claim (Count III) will be granted without prejudice. Plaintiff will be granted leave to amend her complaint by Friday, March 10, 2023, in order to allege additional facts to support Plaintiff's argument that Plaintiff's defamation claim is not barred by the one-year statute of limitations.

Accordingly, for the reasons stated from the bench on March 3, 2023,

It is hereby **ORDERED** that Defendant's Motion to Dismiss (Dkt. 3) is **GRANTED IN PART AND DEFERRED IN PART**. Specifically,

- Defendant's Motion to Dismiss is **GRANTED** without prejudice with respect to Count I in order to allow the parties to initiate arbitration of Count I in Maryland.
- Defendant's Motion to Dismiss is **DEFERRED** with respect to Count II. Plaintiff is **DIRECTED** to file a supplemental brief by **Friday, March 10, 2023** addressing why Count II should not be dismissed as untimely.

[1] *Atlantic Marine Constr. Co., Inc. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49, 62 (2013).

- Defendant's Motion to Dismiss is **GRANTED** without prejudice with respect to Count III. Plaintiff is granted leave to amend her complaint with respect to Count III by **Friday, March 10, 2023**.

The Clerk of the Court is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
March 6, 2023

/s/
T. S. Ellis, III
United States District Judge