IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SUNITA KULSHRESTHA, M.D., )<br>  Plaintiff, )<br>   )<br>   v. )<br>   )<br>   ) | Case No. 1:23-cv-42 |
| SHADY GROVE REPRODUCTIVE )<br>SCIENCE CENTER, P.C., )<br>  Defendant. ) | |

### ORDER

In this employment dispute, Plaintiff Sunita Kulshrestha ("Plaintiff") has sued her former employer, Defendant Shady Grove Reproductive Center ("Defendant"). Plaintiff alleged four counts in the Complaint:

(i)  Breach of contract;

(ii) Retaliation in violation of the Virginia Whistleblower Protection Law ("VWPL"), Va. Code § 40.1-27.3;

(iii) Defamation *per se*; and

(iv) Retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

In response, Defendant filed a Motion to Dismiss Counts I, II, and III, which was fully briefed and argued. Following argument, Defendant's Motion to Dismiss was granted in part and denied in part. *See* Order Issued March 6, 2023, Dkt. 11 at 2–3. Specifically, Defendant's motion was granted with respect to Counts I and III, which were dismissed without prejudice.[1] In a separate Memorandum Opinion and Order, Defendant's Motion to Dismiss was also granted with respect

---

[1] Count I was dismissed upon both parties' agreement to allow the parties to initiate arbitration in Maryland pursuant to a forum-selection and arbitration clause in the parties' contract. Count III was dismissed because Plaintiff's Complaint contained only allegations barred by the one-year statute of limitations for defamation, but Plaintiff was granted leave to amend her Complaint to add allegations not barred by the statute of limitations to support her defamation claim. *See* Order Issued March 6, 2023, Dkt. 11 at 1–2.

1

to Count II because Plaintiff's VWPL claim is barred by the one-year statute of limitations. *See* Order Issued April 6, 2023, Dkt. 22.

At issue now is Count III, which alleges defamation *per se*. After Defendant's first Motion to Dismiss was granted without prejudice with respect to Count III, Plaintiff filed an Amended Complaint with respect to Plaintiff's defamation allegations in Count III, and Defendant responded by filing a second Motion to Dismiss. *See* Pl.'s Am. Compl., Dkt. 13; Def.'s Mot. to Dismiss, Dkt. 17. In the motion, Defendant argues that (i) some of the allegedly defamatory statements in the Amended Complaint are barred by the applicable one-year statute of limitations, and (ii) any statements not barred by the statute of limitations do not constitute defamation *per se*. Defendant's Motion to Dismiss Count III has been fully briefed and is now ripe for disposition. For the reasons stated below, Defendant's Motion to Dismiss Count III must be granted, and because Counts I and II have already been dismissed, the only remaining claim that will go forward in this matter is Plaintiff's FMLA claim alleged in Count IV.

**I.**

The facts alleged in Plaintiff's Amended Complaint in support of Count III are assumed true solely for the purposes of resolving Defendant's Motion to Dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Those facts may be summarized as follows.

- Plaintiff Sunita Kulshrestha is a medical doctor who is board certified in obstetrics and gynecology with a specialty in reproductive endocrinology and infertility.

- Defendant Shady Grove Reproductive Science Center, P.C. is a large medical practice which specializes in fertility treatments. Plaintiff joined Defendant's practice in 2014.

- In March 2018, Plaintiff's husband died unexpectedly, leaving Plaintiff to care for her elderly parents and in-laws. In 2019 and 2020, Plaintiff's father and father-in-law both died. In 2020, Plaintiff gave birth to her first child. Throughout these events, Plaintiff maintained a full workload and achieved high patient satisfaction scores.

- In August 2021, Plaintiff's mother became ill and required Plaintiff's care. Plaintiff asked Defendant to allow her to conduct telemedicine appointments because of the COVID-19 pandemic and her mother's health challenges.

- On August 23, 2021, Plaintiff had a Zoom call with Amy Davis, Defendant's Regional Executive Director. During the call, Plaintiff requested to work from home for two weeks to care for her mother. Plaintiff also asked about engaging in FMLA leave. In response, Ms. Davis expressed concern that Plaintiff was "doing three full-time jobs at once . . . mom to a fifteen-month-old, caregiver to [Plaintiff's] mother, and full-time physician." In response, Plaintiff asked if Ms. Davis was treating Plaintiff differently based on Plaintiff's gender and caregiver status in violation of state and federal employment law.

- On August 30, 2021, Ms. Davis and Defendant's head of human resources notified Plaintiff that Defendant was terminating Plaintiff's employment because "it was not a good fit." Plaintiff received a Notice of Termination which stated that "notice is hereby provided that your employment . . . will terminate on February 27, 2022."

- Starting in October 2021, Plaintiff became aware that Defendant's agents were telling patients, employees, and colleagues that Plaintiff had "retired from Shady Grove Fertility."

- Defendant's agents informed former office supervisor, Ashli Gardner, that "Dr. Kulshrestha was terminated by Shady Grove Fertility for performance reasons." Ms. Gardner repeated this to other physicians.

- Defendant maintains a webpage featuring Plaintiff states:

    > "Effective October 8, 2021, Sunita Kulshrestha, M.D., has retired from Shady Grove Fertility. The Waldorf office is actively directing the facilitation of Dr. Kulshrestha's current and former patient care."

- Throughout December 2021, and after December 5, 2021, Maria Movessian, the Southern Maryland practice liaison for Defendant, made visits to referring physicians to bring holiday gifts. During those visits, Ms. Movessian repeated the false statement that Plaintiff had "retired from Shady Grove Fertility."

- Since December 2021, Ms. Movessian has continued to visit with the referring physicians and has continued to repeat the falsehood that Plaintiff "retired from Shady Grove." Plaintiff became aware of Ms. Movessian's statements after the referring physicians reached out to her directly about her retirement from Shady Grove.

- Defendant's statement that Plaintiff "retired" from Shady Grove has prevented her from getting other jobs locally. Plaintiff is in her early fifties with two young children and cannot afford to retire.

Am. Compl., Dkt. 13 at 1–4.

Plaintiff alleges in her Count III of the Amended Complaint that Defendant's statements that Plaintiff "retired from Shady Grove" constitutes defamation *per se* because it is false and prejudices Plaintiff in her profession by implying that she no longer practices medicine. In response, Defendant has filed a Motion to Dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. Defendant argues that Plaintiff's allegations fail to state a claim for defamation because they are barred by the statute of limitations and because statements about Plaintiff "retiring" are not defamatory *per se*. For the reasons that follow, Defendant's motion must be granted.

## II.

Defendant first argues that Count III must be dismissed with respect to any statements that occurred before December 5, 2021 because those statements are barred by the one-year statute of limitations period for a defamation claim under Maryland law. *See* Md. Code, Ct. & Jud. Proc. § 5-105.[2] Plaintiff filed this case in state court on December 5, 2022, so Defendant is correct that any statements allegedly made before December 5, 2021 are barred by the one-year statute of limitations. In fact, there is no dispute that statements alleged in the Amended Complaint that occurred before December 5, 2021 are barred, as Plaintiff has conceded that she is "not seeking recovery for those statements," which Plaintiff says she left in her Amended Complaint only "for context." Pl.'s Mem. in Opp. to Def.'s Mot., Dkt. 23 at 4; Am. Compl., Dkt. 13 at 3 n.1. Indeed, the only statement alleged to constitute defamation in Count III of Plaintiff's

---

[2] The parties correctly agree that Maryland law governs Plaintiff's defamation claim here. When determining which state's law applies, federal district courts apply the choice-of-law rules of the state in which the court sits. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 623–24 (4th Cir. 1999). Thus, Virginia choice-of-law rules apply here. To determine the governing law in a defamation case, "Virginia applies the lex loci delecti rule, that is, the law of the place of the wrong." *PBM Prods., LLC v. Mead Johnson Nutrition Co.*, 678 F. Supp. 2d 390, 398 (E.D. Va. 2009); *see also Milton v. IIT Research Inst.*, 138 F.3d 519, 521 (4th Cir. 1998) (citing *Jones v. R.S. Jones & Assoc., Inc.*, 246 Va. 3 (1993)). Here, the only statements at issue were made in Maryland, so Maryland law applies to Plaintiff's defamation claims.

4

Amended Complaint is Ms. Movessian's statement, starting in December 2021 and repeated through the end of 2021 and 2022, that Plaintiff "retired from Shady Grove Fertility." Am. Compl. ¶ 17. Thus, both parties agree that this is the only statement at issue here.

All of the other statements in the Amended Complaint—namely (i) the statements by Ashli Gardner that Plaintiff "was terminated by Shady Grove Fertility for performance reasons," (ii) the statement on Defendant's website stating that "[e]ffective October 8, 2021, [Plaintiff] has retired from Shady Grove Fertility," and (iii) the email sent by Defendant to Plaintiff's patients stating that Plaintiff was "announc[ing] [her] retirement from Shady Grove Fertility effective 10/8/2021"—were made before December 5, 2021 and are therefore barred by Maryland's one-year statute of limitations for defamation claims. Am. Compl., Dkt. 13 at ¶¶ 4–7.

### III.

Defendant next argues that Plaintiff's defamation *per se* claim in Count III of the Amended Complaint must be dismissed because the statement that Plaintiff retired from Shady Grove Fertility does not constitute defamation *per se* as a matter of law. To state a cause of action for defamation under Maryland law, a plaintiff must allege facts showing "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Indep. Newspapers, Inc. v. Brodie*, 966 A.2d 432, 442 (Md. 2009). Here, Defendant argues that Plaintiff has not alleged any facts showing that Defendant's statements were defamatory in order to satisfy the first element. As the Court of Appeals of Maryland—Maryland's highest court—has explained, a defamatory communication is one that "tends to expose a person to public scorn, hatred, contempt, or ridicule, thereby discouraging others in the community from having a good opinion of, or from associating or dealing with, that person." *Id.*

5

at 441 (quoting *Offen v. Brenner*, 935 A.2d 719, 724 (Md. 2007)). Maryland law "retain[s] the common law distinction between defamation per se and defamation per quod." *Brodie*, 966 A.2d at 441. If the words "themselves impute the defamatory character," then the statement is defamatory *per se* and "no allegation or proof of extrinsic facts" is necessary to "show that the publication is defamatory." *Id.* (quoting *Metromedia, Inc. v. Hillman*, 400 A.2d 1117, 1123 (Md. 1979)). Whether a statement is actionable as defamation *per se* is a question of law for the court. *See M & S Furniture Sales Co. v. Edward J. De Bartolo Corp.*, 241 A.2d 126, 128 (Md. 1968) ("Whether alleged defamatory action is actionable per se is in the first instance a question of law for the court."). Plaintiff has only alleged defamation *per se* in Count III of the Amended Complaint and has not alleged defamation *per quod*. *See* Am Compl. ¶¶ 16–20.

Defendant persuasively argues that Count III must be dismissed because the statement that Plaintiff retired from Shady Grove Fertility does not constitute defamation *per se*. As the Court of Appeals of Maryland has instructed, a statement is actionable as defamation *per se* if the statement "adversely affect[s] [an employee's] fitness for the proper conduct of his business." *Hearst Corp. v. Hughes*, 466 A.2d 486, 489 (Md. 1983). But not just any statement regarding employment can support a claim for defamation *per se*; instead, "[t]he words must go so far as to impute to [the employee] some incapacity or lack of due qualification to fill the position." *Foley v. Hoffman*, 52 A.2d 476, 481 (Md. 1947). For this reason, Maryland's second highest court—the Maryland Court of Special Appeals—has repeatedly emphasized that *not* "every negative evaluation of an employee's performance" is defamatory *per se*. *Samuels v. Tschechtelin*, 763 A.2d 209, 245 (Md. Ct. Spec. App. 2000). Rather, "the defamatory statement must be such that 'if true, would disqualify [the employee] or render him less fit properly to fulfill the duties

6

incident to the special character assumed.'" *Id.* at 551 (quoting *Leese v. Balt. Cty.*, 497 A.2d 159, 176 (Md. Ct. Spec. App. 1985)).

These requirements for defamation *per se* are clearly not met here because Defendant's alleged statements that Plaintiff retired from Shady Grove do not concern Plaintiff's fitness for practicing medicine, nor do the statements impute to Plaintiff some "incapacity or lack of due qualification" for acting as a physician. *Foley*, 52 A.2d at 481. Instead, the statements that Plaintiff retired from Shady Grove are akin to statements that an employee voluntarily resigned, which courts in other jurisdictions have repeatedly held do *not* constitute defamation *per se*.[3] And the Maryland Court of Special Appeals has held that "mere publication of [an employee's] termination" does not constitute defamation *per se* because it does not "impute[] to [the plaintiff] a general unfitness as an employee." *Gladhill v. Chevy Chase Bank, F.S.B.*, 2001 WL 894267, at *11 (Md. Ct. Spec. App. Aug. 1, 2001). Indeed, courts applying Maryland law have even held that a statement that an employee "failed to demonstrate ability to assume a professional management role" and a statement that an employee was terminated "for cause" were not defamatory *per se*, because such statements do not suggest incapacity or unfitness. *See Leese*, 497 A.2d at 176; *Clayon v. Fairnak*, 2018 WL 6446440, at *3 (D. Md. Dec. 10, 2018).[4] If

---

[3] *See Davis v. Ross*, 754 F.2d 80, 84 (2d Cir. 1985) (explaining that "mere statement of discharge from employment does not constitute libel" unless "the publication contains an insinuation that the discharge was for some misconduct"); *Wynn v. Wachovia Bank, N.A.*, 2009 WL 2147629, at *9 (E.D. Va. July 13, 2009) (explaining that a statement that an employee voluntarily quit or resigned may not establish defamation *per se* because it merely states that an employee took "an act an individual has a right to do"); *Klein v. Victor*, 903 F. Supp. 1327, 1336 (E.D. Mo. 1995) ("The mere statement that someone has been terminated from employment is not in and of itself defamatory."); *Mann v. City of Tupelo*, 1995 WL 1945433, at *14 (N.D. Miss. Apr. 11, 1995) ("The court finds that the statement that the plaintiff quit her job, even if false, is not a statement that would defame her character."); *Morgan v. N.Y. Life Ins. Co.*, 2006 WL 2524237, at *6 (N.D. Ohio Aug. 30, 2006) ("Although statements that damage a plaintiff's professional reputation are considered defamatory *per se*, a statement that an employee resigned voluntarily does not injure his professional reputation.").

[4] *See also Jack's Cookie Co. v. Brooks*, 227 F.2d 935, 937 (4th Cir. 1955) (applying South Carolina law and holding that employer's letter stating that salesmen were "no longer the sales representatives of [the company]" did not constitute libel as a matter of law because "the letter does not convey a defamatory meaning" and "could not fairly be interpreted as charging [the plaintiff] either with incompetence or dishonesty.").

7

statements that an employee was *terminated for cause* do not support a defamation *per se* claim under Maryland law, neither does Defendant's statement that Plaintiff "retired from Shady Grove" support Plaintiff's claim here.[5] Thus, because Defendant's statements that Plaintiff retired do not impute incapacity or unfitness, the statements do not constitute defamation *per se* and Count III must be dismissed.

## IV.

In conclusion, Defendant's Motion to Dismiss Count III must be granted because (i) all of Defendant's statements alleged to have occurred before December 5, 2021 are barred by Maryland's one-year statute of limitations for defamation claims, and (ii) Defendant's statements that Plaintiff retired from Shady Grove made after December 5, 2021 do not constitute defamation *per se* as a matter of law. Thus, Count III will be dismissed, and because Counts I and II have already been dismissed,[6] the only remaining claim that will go forward in this matter is Plaintiff's FMLA claim alleged in Count IV.

---

[5] Although neither the Fourth Circuit nor any court applying Maryland law appear to have considered whether a statement that an employee retired constitutes defamation *per se*, the Ninth Circuit's decision in *Pottenger v. Potlach Corp.*, 329 F.3d 740 (9th Cir. 2003), is instructive here. There, the Ninth Circuit considered whether an employer's memo sent to all its employees stating that the plaintiff had "elected to take early retirement" constituted defamation *per se*. *Id.* at 744, 750. The Ninth Circuit held that the challenged statement, "even if false, was not defamatory." *Id.* at 750. The *Pottenger* court explained that the statement was not actionable as defamation *per se* because it was not, as required by Idaho law, a "matter incompatible with [the plaintiff's] trade, business, profession, or office." *Id.* (quoting *Yoakum v. Hartford Fire Ins. Co.*, 923 P.2d 416, 425 (Idaho 1996)). Moreover, the Ninth Circuit explained that the statement was not defamatory because "[t]here is simply no reason to believe that anyone would infer that . . . the phrase connoted anything disparaging about the plaintiff," particularly because the plaintiff "offer[ed] no evidence that anyone misconstrued the statement" to mean that the plaintiff had "committed some misdeed." *Id.* at 750 n.3. Similarly here, Defendant's statement that Plaintiff retired from Shady Grove is not defamatory because the statement does not suggest any misconduct or incompetency on the part of Plaintiff, nor has Plaintiff alleged that anyone interpreted the statement to mean that Plaintiff committed some misdeed or was otherwise incapable of practicing medicine.

[6] *See* Order issued March 6, 2023, Dkt. 11 (dismissing Count I); Order and Memorandum Opinion issued April 6, 2023, Dkts. 21–22 (dismissing Count II).

Accordingly,

It is hereby **ORDERED** that Defendant's Motion to Dismiss Count III (Dkt. 17) is **GRANTED**.

The Clerk of the Court is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
June 26, 2023

/s/
T. S. Ellis, III
United States District Judge